George E. Christiansen v. Commissioner.
Christiansen v. Commissioner
Docket No. 45353.
United States Tax Court
1954 Tax Ct. Memo LEXIS 279; 13 T.C.M. (CCH) 199; T.C.M. (RIA) 54071; March 11, 1954
*279 Held, petitioner did not contribute over half the support of five of his children in 1951. Norman Lichty, Esq., for the petitioner. George E. Van Rockel, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The respondent determined a deficiency of $249 in petitioner's income tax for 1951. The only question for our determination is whether the petitioner is entitled to claim five of his children as dependents in the calendar year 1951. The income tax return of the petitioner for 1951 was filed with the collector of internal revenue for the district of Iowa. Findings of Fact The petitioner is an individual residing in Des Moines, Iowa. He is the father of seven children, two by his present wife and five children by his former wife, who is now Grace Bowman. On his 1951 income tax return, the petitioner claimed dependency credits for his seven children. The respondent disallowed credits for the five children of petitioner's previous marriage, determining that the petitioner did not provide more than half the children's support in 1951. The five children are George, Gary, Gay, Glenn and Gerry Christiansen, whose ages *280 in 1951 were 14, 13, 12, 10 and 7 years, respectively. During the year in question they lived with their mother, Grace Bowman, and her present husband. None of the children earned $600 during the taxable year. The petitioner contributed $937.50 for the support of the five children in 1951. He also spent $18.27 for gifts for the children, and at different times during the year the children visited him at his home. These visits averaged not more than one day each month. In 1951 the petitioner's former wife spent $1,412.44 for the five children's clothing, medical and dental care, and for special tutoring of one child. She and her present husband spent $3,265.76 for the family's (seven persons) living expenses, which consisted of the following: Groceries
$2,340.00
House payment, insurance, taxes, and
interest
360.00
Water
32.00
Electricity
96.00
Heat and coal
170.00
Phone
59.76
Car expense
208.00
$3,265.76
The petitioner's former wife was employed during 1951 and earned $1,744. Opinion The petitioner is entitled to dependency credits for the five children of his previous marriage if he can show that he contributed over half their support for *281 the taxable year. [1] He testified that in compliance with a court order he paid $937.50 for their support in 1951 and also spent $18.27 for gifts for the children. The petitioner further testified that during the year the five children spent an average of one day a month with him, but no estimate of the support value of these visits was made. During the year in question the children lived with their mother, Grace Bowman, and her present husband. Grace testified that in 1951 she spent $1,412.44 for the children's clothing, medical and dental care, and for tutoring one child. She mentioned some of the specific items included in this amount and their costs. During 1951 there was also spent, according to Grace, $3,265.76 for the living expenses of her family of seven. This testimony was not contradicted. From the foregoing it is apparent that the petitioner has failed to sustain the burden of proof required of him. Even without a showing of what part of the family's living expense of $3,265.76 was attributable to the support of the five children, it is obvious that the total cost thereof in 1951 was well in excess of twice the amount contributed by the petitioner. Consequently, he is not *282 entitled to dependency credits for the five children for 1951. Decision will be entered for the respondent. Footnotes
1. Section 25 (b) (1) (D) and (b) (3) (A), Internal Revenue Code↩. None of the children had gross incomes of $600 during the taxable year.